Joshua T. Kluewer (SBN 314105)
KLUEWER LAW P.C.
835 Wilshire Blvd. 5th Floor
Los Angeles, CA 90017
T: (213) 465-2647
jkluewer@kluewerlaw.com

*Attorneys for Plaintiff, Association of Public Radio Engineers*

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF PUBLIC RADIO ENGINEERS<br><br>Plaintiff,<br><br>v.<br><br>SHANE TOVEN<br><br>Defendant. | COMPLAINT FOR:<br><br>1. Conversion<br>2. Breach of Fiduciary Duty<br>3. Money Had and Received<br>4. Unjust Enrichment |

Plaintiff, the Association of Public Radio Engineers ("APRE" or "Plaintiff") hereby asserts this complaint against defendant, Shane Toven ("Toven" or "Defendant") and states as follows:

## INTRODUCTION

1. This action arises from the fact that Toven misappropriated funds from APRE while Toven was APRE's Treasurer. Simply stated, while Toven was the Treasurer of APRE, Toven used APRE's money to satisfy Toven's personal financial obligations. Toven made these payments directly from APRE's checking account at Wells Fargo. At times, Toven used APRE's resources for small purchases such as meals. Other times, Toven used APRE's funds to make large payments to satisfy Toven's credit card debts. Between 2018 and 2022, Toven misappropriated $108,467.62 of APRE's money in total.

2. When APRE learned of Toven's conduct in late 2022, APRE asked Toven about the expenditures. Toven did not respond to APRE's inquiries. Subsequently, APRE sent Toven a letter requesting that Toven explain the purpose of these expenditures. Toven ignored APRE's letter.

3. Toven never offered APRE an explanation as to why money from APRE's checking account had been used to pay Toven's personal financial obligations.

4. Because Toven has misappropriated APRE's money and has refused to return that money, APRE asserts this action to compel Toven to repay the funds that Toven misappropriated from APRE.

## PARTIES

5. Plaintiff, the Association of Public Radio Engineers is a District of Columbia non-profit corporation with a principal place of business in North Carolina.

6. Defendant, Shane Toven is an individual who resides in Antelope, California.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has subject matter jurisdiction over the instant action. Complete diversity of citizenship exists between the parties. APRE is a District of Columbia corporation with a principal place of business in North Carolina. Toven is a resident of California. The amount in controversy exceeds $75,000 exclusive of costs.

8. This Court has personal jurisdiction over Toven because Toven is domiciled in California and is a resident of California.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Toven resides in this district.

## FACTS

10. Previously, Toven was the Treasurer of APRE. As the Treasurer of APRE, Toven had substantial control over APRE's checking account at Wells Fargo.

11. In December 2022, APRE discovered some clearly personal charges on APRE's bank statements for APRE's checking account with Wells Fargo. Specifically, APRE discovered relatively minor purchases for meals from fast food restaurants. APRE made inquiries to Toven about the purchases and Toven did not respond to these inquiries.

12. After Toven continued to be unresponsive to APRE's inquiries as to the aforementioned expenditures, several board members of APRE convened a meeting in January 2023 to discuss this matter. In early February 2023, President of the Board of APRE again attempted to contact Toven about the questionable expenditures that had appeared on APRE's bank statements in late 2022. Toven did not respond to these inquiries.

13. Shortly thereafter, Vice President of the Board of APRE reviewed the bank statements from

APRE's checking account at Wells Fargo for several years prior.  At that point, in early 2023, APRE learned that Toven had been misappropriating substantial sums of money from APRE's checking account going all the way back to 2018.  For example, according to APRE's bank statements, Toven made numerous four figure payments from APRE's checking account to Toven's American Express card to satisfy Toven's credit card debts with American Express.  All in all, between 2018 and 2023, Toven misappropriated $108,467.62 from APRE's checking account to satisfy Toven's personal financial obligations.

14. According to APRE's records, Toven misappropriated the following amounts from APRE on the following dates:

| Date | Amount |
| --- | --- |
| 10/22/18 | $300 |
| 4/22/19 | $4,241.22 |
| 8/21/19 | $4,722.83 |
| 1/16/20 | $3,939.92 |
| 2/27/20 | $2,338.01 |
| 3/18/20 | $3,323.60 |
| 3/25/20 | $1,000.00 |
| 3/25/20 | $1,000.00 |
| 4/1/20 | $3,500.00 |
| 4/13/20 | $3,870.97 |
| 4/22/20 | $1,288.32 |
| 5/4/20 | $1,921.62 |
| 5/6/20 | $1,633.35 |
| 5/18/20 | $3,395.68 |
| 6/4/20 | $1,200.00 |
| 6/8/20 | $3,852.64 |
| 6/30/20 | $1,513.60 |

| | |
|---|---|
| 8/12/20 | $3,053.91 |
| 9/1/20 | $1,139.76 |
| 9/14/20 | $2,500.00 |
| 9/18/20 | $3,567.89 |
| 10/30/20 | $1,469.65 |
| 11/23/20 | $2,864.83 |
| 12/22/20 | $3,433.90 |
| 1/4/21 | $3,767.60 |
| 1/25/21 | $1,857.76 |
| 2/22/21 | $2,901.75 |
| 4/5/21 | $4,444.25 |
| 5/6/21 | $2,405.66 |
| 6/14/21 | $2,483.08 |
| 6/28/21 | $2,395.31 |
| 7/27/21 | $2,068.45 |
| 9/9/21 | $3,820.14 |
| 10/14/21 | $1,152.92 |
| 12/20/21 | $6,801.50 |
| 3/18/22 | $7,091.36 |
| 3/22/22 | $2,000.00 |
| 3/28/22 | $1,000.00 |
| 4/7/22 | $1,000.00 |
| 4/20/22 | $1,000.00 |
| 4/25/22 | $500 |
| 8/30/22 | $500 |
| 8/31/22 | $5.38 |
| 8/31/22 | $66.44 |

| | |
|---|---|
| 9/9/22 | $11.57 |
| 9/12/22 | $12.85 |
| 9/28/22 | $8.29 |
| 10/17/22 | $50 |
| 12/12/22 | $10.12 |
| 12/13/22 | $15.27 |
| 12/13/22 | $17.22 |
| 12/14/22 | $9 |
| Total | $108,467.62 |

15. As Treasurer of APRE, Toven had previously been able to conceal Toven's misappropriation of APRE's funds from APRE. APRE did not learn about any of Toven's misappropriations until late 2022 and did not learn of the full of extent of Toven's actions until early 2023. APRE's claims against Toven did not accrue until January 2023, when APRE learned of Toven's conduct.

16. In August 2023 and October 2023, APRE sent Toven letters asking Toven to explain these aforementioned expenditures and informing Toven that APRE intended to pursue legal action against Toven. Toven did not respond to APRE's letters. Toven never offered APRE an explanation as to why money from APRE's checking account had been used to satisfy Toven's personal financial obligations.

17. As such, APRE asserts this action against Toven to recoup the funds that APRE has lost due to Toven's misappropriation.

## FIRST CAUSE OF ACTION

**(Conversion by APRE against Toven)**

18. Plaintiff re-alleges and re-incorporates the above paragraphs as though fully

set forth herein.

19. Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages. It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use.

20. In the instant case, Toven converted property that APRE owned and possessed. APRE's money was held in APRE's checking account at Wells Fargo. As Treasurer of APRE, Toven had control over APRE's checking account. Between 2018 and 2022, Toven misappropriated APRE's money by causing APRE to satisfy Toven's personal financial obligations. For example, on numerous occasions, Toven used APRE's money to pay Toven's personal credit card bill with American Express. Thus, Toven wrongfully acted to dispossess APRE of APRE's funds. As a result of Toven's conduct, APRE has been damaged as APRE lost the money that Toven used to satisfy Toven's personal financial obligations. In total, Toven misappropriated $108,467.62 of APRE's money.

21. APRE's causes of action against Toven did not accrue until early 2023 when APRE became fully aware of Toven's misappropriation of APRE's funds.

22. Therefore, the Court should enter judgment in favor of APRE against Toven in the amount of $108,467.62 plus costs, fees and interest.

## SECOND CAUSE OF ACTION

**(Breach of Fiduciary Duty by APRE against Toven)**

23. Plaintiff re-alleges and re-incorporates the above paragraphs as though fully set forth

herein.

24. The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach. A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others.

25. In the instant case, as the Treasurer of APRE, Toven owed fiduciary duties to APRE. APRE reposed trust in Toven to manage APRE's funds. Toven breached his fiduciary duties to APRE by misappropriating APRE's money. As a result of Toven's breaches of fiduciary duties to APRE, Toven has caused APRE $108,467.62 in damages.

26. APRE's causes of action against Toven did not accrue until early 2023 when APRE became fully aware of Toven's misappropriation of APRE's funds.

27. Therefore, the Court should enter judgment in favor of APRE against Toven in the amount of $108,467.62 plus costs, fees and interest.

## THIRD CAUSE OF ACTION

### (Money Had and Received by APRE against Toven)

28. Plaintiff re-alleges and re-incorporates the above paragraphs as though fully set forth herein.

29. Generally, a cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a sum certain for money had and received by the defendant for use by the plaintiff. A claim for money had and received may be brought whenever one person has received money which belongs to another and which in equity and good conscience should be returned.

30. In the instant case, Toven misappropriated APRE's money to pay Toven's personal

financial obligations.  As such, Toven possessed and received money that was supposed to have been used by APRE.  Toven received money that belonged to APRE. The money that Toven received should in equity and good conscience be returned to APRE.

31. As a result of Toven's conduct, APRE suffered $108,467.62 in damages.

32. APRE's causes of action against Toven did not accrue until early 2023 when APRE became fully aware of Toven's misappropriation of APRE's funds.

33. Therefore, the Court should enter judgment in favor of APRE against Toven in the amount of $108,467.62 plus costs, fees and interest.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment by APRE against Toven)

34. Plaintiff re-alleges and re-incorporates the above paragraphs as though fully set forth herein.

35. Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another.

36. In the instant case, Toven received the benefit of APRE's money by using APRE's money to satisfy Toven's personal financial obligations.  Toven is unjustly retaining the benefit that Toven received by refusing to return APRE's money to APRE.

37. As a result of Toven's conduct, APRE suffered $108,467.62 in damages.

38. APRE's causes of action against Toven did not accrue until early 2023 when APRE became fully aware of Toven's misappropriation of APRE's funds.

39. Therefore, the Court should enter judgment in favor of APRE against Toven in the amount of $108,467.62 plus costs, fees and interest.

**WHEREFORE,** plaintiff, APRE prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**

1. For damages in at least the amount of $108,467.62;

2. For costs, fees, and interest;

3. For other relief as this Court deems just and appropriate.

**ON THE SECOND CAUSE OF ACTION**

1. For damages in at least the amount of $108,467.62;

2. For costs, fees and interest;

3. For other relief as this Court deems just and appropriate.

**ON THE THIRD CAUSE OF ACTION**

1. For damages in at least the amount of $108,467.62;

2. For costs, fees and interest;

3. For other relief as this Court deems just and appropriate.

**ON THE FOURTH CAUSE OF ACTION**

1. For damages in at least the amount of $108,467.62;

2. For costs, fees and interest;

3. For other relief as this Court deems just and appropriate.

Dated: December 8 2023

                                        Respectfully submitted,

                                        **KLUEWER LAW P.C.**

                                        By: */s/ Joshua T. Kluewer*
                                                   Joshua T. Kluewer Esq.
                                                   *Attorneys for Plaintiff, Association of Public Radio Engineers*